UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KERMIT OVERHOLT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 3:07-CV-322 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 12 and 13] and defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 16 and 17]. Plaintiff also filed a reply [Doc. 18]. Plaintiff Kermit Overholt ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge, the final decision of Defendant Commissioner.

On December 19, 2002, Plaintiff filed an application for disability insurance benefits and supplemental security income payments, claiming disability as of February 1, 2002 (Tr. 48-51). After his application was denied initially and upon reconsideration, Plaintiff requested a hearing.[1]

---

[1] In June 2004, an Administrative Law Judge ("ALJ") denied Plaintiff's disability application (Tr. 36-40). The Appeals Council remanded the case for further proceedings. In August 2005, an ALJ issued a second decision finding Plaintiff was not disabled (Tr. 17-24). In February 2006, the Appeals Council denied review, rendering the decision of the ALJ the final decision of the Commissioner (Tr. 8-10). Thereafter, Plaintiff filed a civil action in the U.S.

On February 28, 2007, a hearing was held before an ALJ to review determination of Plaintiff's claim (Tr. 475-94). At the hearing, the ALJ heard testimony from Plaintiff and from Donna J. Bardsley, a Vocational Expert ("VE"). On April 30, 2007, the ALJ found that Plaintiff was not disabled because he remains capable of performing a significant number of light-level jobs which exist in the national economy (Tr. 413-15). The Appeals Council denied Plaintiff's request for review; thus the decision of the ALJ became the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

## I.     ALJ Findings

The ALJ made the following findings:

> 1. The claimant met the insured status requirements of the Social Security Act through December 31, 2006.
>
> 2. The claimant has not engaged in substantial gainful activity since February 1, 2002, the alleged onset date (20 C.F.R. 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: diabetes mellitus, musculoskeletal disorders, obesity, and anxiety with agoraphobia (20 C.F.R. 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d),

---

District Court for the Eastern District of Tennessee (3:06-cv-116) pursuant to 42 U.S.C. § 405(g). On October 26, 2006, Judge Jordan entered an Order, granting the parties' joint motion to remand the matter back to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Tr. 423). In compliance with this Court's order, the Appeals Council vacated the earlier decision and remanded the case for further proceedings in November 2006 (Tr. 429-30).

404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity for light work (lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk six hours in an eight-hour workday, and sit about six hours in an eight-hour workday) which can be performed with the mental limitations assessed by Dr. Nevils in Exhibit 7F.

6. The claimant is unable to perform any past relevant work. (20 C.F.R. 404.1565 and 416.965).

7. The claimant was born on February 10, 1960 and was 41 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 C.F.R. 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a "disability" as defined in the Social Security Act, from February 1, 2002 through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g)).

(Tr. 407-414).

## II. Disability Eligibility

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent his from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.150). Plaintiffs bear the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III. Standard of Review

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).

**IV.     Arguments**

On appeal, Plaintiff argues that substantial evidence does not support the ALJ's disability determination. Plaintiff contends the ALJ committed the following errors by: (A) failing to adhere to this Court's Order regarding further evaluation of the opinion of Dr. Alison Kirk, a state agency reviewing physician; and (B) failing to give the proper deference to his treating physician's opinion [Doc. 13]. The Commissioner, in response, contends substantial evidence supports the ALJ's finding of non-disability and any arguments to the contrary must fail [Doc. 17]. Plaintiff bears the burden of proving his entitlement to benefits. Boyers v. Sec. of Health & Human Serv., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

   *A.     Failure to Adhere to this Court's Order Regarding Further Evaluation of Dr. Kirk's Opinion*

Plaintiff argues that the hypothetical question propounded to the VE did not accurately describe him in all significant, relevant aspects. The crux of Plaintiff's assertion of error is that the hypothetical proposed to the VE was insufficient since it failed to accurately relate Plaintiff's "specific mental work-related restrictions" found by Dr. Kirk and instead only incorporated Dr. Nevils's restrictions in regard to the his mental limitations. [Doc. 13 at 14].

An ALJ's RFC determination should focus on what a claimant "can and cannot do" and not what she "does and does not suffer from." Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 239 (6th Cir. 2002). On the other hand, the hypothetical posed to a VE by an ALJ "should be a more complete assessment of [Plaintiff's] physical and mental state and should indicate an 'accurate [] portray[al] [of his] individual physical and mental impairment[s]." Id. (quoting Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987)). If vocational expert testimony is used to meet the burden placed on the Commissioner of proving the existence of a substantial number of

jobs that the claimant can perform, the testimony must be given in response to a hypothetical question that accurately described the claimant in all significant aspects. Felisky v. Bowen, 35 F.3d 1027, 1036 (6th Cir. 1994). To constitute substantial evidence, a response to a hypothetical question requires that each element of the hypothetical accurately describe the claimant. Id.

At Plaintiff's hearing, the ALJ hypothesized a worker of Plaintiff's age, education, work background, and size (Tr. 491). The hypothetical claimant would be restricted to light work and suffer certain mental impairments as outlined by Dr. Nevils (Id.). The VE identified jobs existing in the local and national economies that the hypothetical claimant could perform, such as hand packager, sorter, assembler, inspector, cleaner, stock and inventory clerk (Id.).

Dr. Nevils evaluated Plaintiff on August 27, 2003, "pursuant to his claim of disability" (Tr. 215). Dr. Nevils reported Plaintiff "presented himself for evaluation with adequate attention ... was overly calm and pleasant in manner ... was cooperative, spontaneous, coherent, and without evidence of disorientation or thought disorder" (Tr. 216). Dr. Nevils concluded Plaintiff suffers from "anxiety attacks with agoraphobia" which causes Plaintiff to be "withdrawn from public social situations", but "does not appear" to cause "major problems with concentration or adaptability due to a mental disorder" (Tr. 219).

The Court finds the hypothetical proposed to the VE is sufficient in all necessary respects. First, the ALJ instructed the VE to consider Dr. Nevils entire evaluation. Dr. Nevils's evaluation is consistent with the other objective medical evidence of record in regard to Plaintiff's mental limitations. The ALJ noted "[n]ew evidence documents an anxiety disorder on only one occasion in August 2005. All examinations by treating sources note the claimant to be alert and oriented x 3. The claimant has not been treated by mental health professionals for any mental condition nor

7

has he required hospitalization" (Tr. 411). Second, Dr. Kirk's completed evaluation, which the ALJ considered in determining Plaintiff's RFC, was based "on Dr. Nevils's opinion and the claimant's treatment history" (Tr. 412). Dr. Kirk "determined the claimant to have moderate limitations in maintaining social functioning, but no more than mild limitations in restriction of activities of daily living or in maintaining concentration, persistence, and pace" (Tr. 413; 221-23). Dr. Kirk determined Plaintiff able to "understand and remember ... simple and detailed, non-complex tasks. ... sustain concentration and persistence for simple and detailed, non-complex tasks. ... will have some but not significant difficulty interacting with peers and supervisors ... cannot interact with general public. ... can adapt, set goals independently, and respond to change." (Tr. 223). The Court finds these limitations consistent with the ALJ's RFC determination and Dr. Nevils's evaluation. Accordingly, the Court finds no error with the hypothetical question posed because the ALJ considered all of Plaintiff's credible limitations when formulating it. The hypothetical accounts for Plaintiff's mental limitations, thus it is not fundamentally flawed, therefore the VE's response to the hypothetical provides substantial evidence for the ALJ's conclusion.

Furthermore, the ALJ did not disregard the directive of this Court's Order which remanded the case for further evaluation of Dr. Kirk's opinion. The ALJ specifically included and thoroughly discussed Dr. Kirk's evaluation in his opinion, concurred in her opinion (Tr. 413), and ultimately gave it "great weight" along with Dr. Nevils' opinion in his determination that Plaintiff is capable of performing light work with the ability to "understand, remember, and carry out simple and detailed tasks with some difficulty interacting with peers and supervisors" (Tr. 412-13). The Court finds this RFC determination is supported by substantial evidence; thus, Plaintiff's assertions to the contrary must fail.

### B. *Treating Physician*

Plaintiff next argues that the ALJ erred in rejecting the opinion of his treating physician, Dr. Debusk. Plaintiff claims the ALJ ignored the Regulations in his treatment of Dr. Debusk's opinion and specifically focuses on the ALJ's statement "neuropathy has not been established by diagnostic testing" as an effort by the ALJ to discredit Dr. Debusk's opinion. Plaintiff asserts peripheral neuropathy was established by Dr. Mamood, a specialist who treated Plaintiff at Dr. Debusk's request.

Generally, the "medical opinion of the treating physician is to be given substantial deference, and if that opinion is not contradicted, complete deference must be given." Walker v. Sec'y of Health & Human Serv., 980 F.2d 1066, 1070 (6th Cir. 1992). The reason for such a rule is clear: the treating physician has had a greater opportunity to examine and observe the patient. Id. Treating physician opinions, however, receive controlling weight only when they are well-supported by medically acceptable clinical techniques and are consistent with other substantial evidence. See 20 C.F.R. § 404.1527(d)(2); Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The ALJ "will always give good reasons in [the] notice of determination or decision for the weight ... give[n] [to the] treating source's opinion." Id. However, "the ultimate decision of disability rests with the ALJ." Lancaster v. Comm'r of Soc. Sec., 228 Fed. Appx. 563, 576 (6th Cir. Apr. 26, 2007).

In regard to Dr. Debusk's diagnosis, the ALJ found his limitations were "not supported by [his] own examinations which have been primarily unremarkable other than intermittent findings for acute conditions which resolved with initial treatment" (Tr. 412). He further found Dr. Debusk's findings were not "supported by clinical findings" or "consistent with the overall evidence of record" (Id.). In completing a Medical Source Statement of Ability to do Work-Related

9

Activities (Physical), Dr. Debusk reported Plaintiff can occasionally lift less than ten pounds; is never able to frequently lift any amount of weight; can stand and/or walk less than two hours in an eight hour day; must periodically alternate sitting and standing to relieve pain or discomfort; and can never push or pull (Tr. 246-47). He further reported Plaintiff's osteoarthritis, peripheral neuropathy, and insulin dependent diabetes support his conclusions regarding Plaintiff's limitations (Tr. 247). Dr. Debusk also advised that Plaintiff can never climb, balance, kneel, crouch, crawl, or stoop; is limited in his ability to reach, handle (gross manipulation), finger (fine manipulation), and feel; and is limited in his ability to see. (Tr. 247-48). He further concluded that these limitations are also affected by Plaintiff's osteoarthritis, peripheral neuropathy, hypertension, and insulin dependent diabetes (Id.). Yet, the ALJ observed that repeated examinations by Dr. Debusk "reveal[] no sensory loss or muscle weakness" and "[b]y Dr. Debusk's own statements, the claimant has good range of motion without pain" (Tr. 412). Furthermore, Dr. Debusk's own notes of examination from March 13, 2003 show Plaintiff "is having some neuropathic changes in his feet but I am going to hold off on any treatment for that for now, we will try treating the blood sugars first and see if that doesn't help resolve those" (Tr. 185). His treatment notes from January 3, 2003 reveal Plaintiff's hypertension was under control and that Plaintiff was to "continue with his regimen except stop the Glucophage and [take] Diabeta" (Tr. 191). Further treatment notes dated March 24, 2004 show Plaintiff suffered "no radiculopathy or neuropathy"; was advised to have an MRI done of the LS spine; and advised to avoid heavy lifting or bending in the meantime; however the MRI results were "entirely normal" (Tr. 262; 412). Significantly, this is one of the only mentions of back pain (or in which "back pain" is circled as a symptom) and comes after Dr. Debusk's report of November 17, 2003. Finally, as the ALJ noted, Plaintiff "is seen on a regular basis by his treating physician

10

primarily for medication management" (Tr. 412). Thus, the record shows the ALJ properly reviewed all of the objective evidence of record in conjunction with his review of Dr. Debusk's treatment notes and medical determinations in evaluating Dr. Debusk's medical opinion.

The Court finds that the ALJ reasonably did not credit Dr. Debusk's medical opinion and discounted it in light its lack of objective foundation and in light of the other objective medical evidence of record, including the opinion of Dr. Bounds, a state agency reviewing physician, who, like the ALJ, determined Plaintiff was capable of light work. See Cutlip v. Sec'y of Health & Human Serv., 25 F.3d 284, 287 (6th Cir. 1994) (physician opinions must be adequately supported by medical findings and consistent with evidence overall); see also 20 C.F.R. § 416.927(f)(2)(I) ("state agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in Social Security disability evaluation"); Rice v. Barnhart, 384 F.3d 363, 370 (7th Cir. 2004) (ALJ is entitled to rely on the opinions of state agency doctors). Accordingly, the ALJ's determination to give Dr. Debusk's opinion "little weight" is supported by substantial evidence, thus the ALJ has not committed error. The Court further finds even if the ALJ overlooked Dr. Mamood's diagnosis of peripheral neuropathy, as Plaintiff alleges, he still throughly and adequately explained his reasoning for discounting Dr. Debusk's opinion, therefore, the ALJ's determination is supported by substantial evidence.

## V. Conclusion

Accordingly, the Court finds that the ALJ properly reviewed and weighed all of the medical source opinions to determine Plaintiff is capable of performing light work. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[2] that Plaintiff's Motion For Summary Judgment [Doc. 12] be **DENIED** and that the Commissioner's Motion for Summary Judgment [Doc. 16] be **GRANTED**.

Respectfully submitted,

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).