UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KERMIT OVERHOLT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:07-CV-322 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of objections by Plaintiff, Kermit Overholt, ("Plaintiff") [Doc. 20] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley. [Doc. 19.] Magistrate Judge Shirley found that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence in the record as a whole and recommended that Plaintiff's motion for summary judgment [Doc. 12] be denied and that Defendant Commissioner's motion for summary judgment [Doc. 16] be granted.

This Court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If,

under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which Plaintiff objects. In considering the Plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, the administrative record, and all related filings. For the reasons that follow, Plaintiff's objections will be overruled.

Plaintiff first objects to Magistrate Judge Shirley's conclusion that "because he found that the treating opinion [of Dr. Debusk] did not meet the test for controlling weight, the ALJ's rejection of the opinion was therefore proper, without further inquiry." [Doc. 20 at 1.] Plaintiff contends that the treating physician opinion was adequately supported and no examining source contradicted the opinion. In support of this objection, Plaintiff relies on Social Security Ruling 96-2P's statement that a "finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be

2

rejected." SSR 96-6P, 1996 WL 374188, at *4; *see also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) ("However, in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding.") Though Plaintiff is correct that treating physician opinions are generally afforded greater weight, an ALJ must still weigh treating source opinions using the factors provided in 20 C.F.R. § 404.1527 and § 416.927 in cases where a treating source's medical opinion is not entitled to controlling weight. SSR 96-2P, 1996 WL 374188, at *4. Relevant factors include the treatment relationship, the nature and extent of the treatment relationship, supportability, and consistency. 20 C.F.R. §§ 404.1527, 416.927.

Thus, an ALJ may reject the opinions of a treating physician "when good reasons are identified for not accepting them." *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988). Combined with a treating physician's failure to identify any clinical findings that supported his later conclusion that the claimant did not have the capacity for either light or sedentary work, an ALJ did not err in rejecting a treating physician's opinion that was inconsistent with earlier evaluations by the physician and there were no findings of significant or specific changes in the claimant's health between the dates of the reports. *Id.* Similarly in *Sullenger v. Comm'r of Soc. Sec.*, an ALJ "did not err in discounting [a treating physician's] opinion on [claimant's] physical limitations because: (1) it was not supported by sufficient clinical findings; and (2) it was contradicted by substantial medical evidence." 255 F. App'x 988, 994 (6th Cir. 2007).

3

In the present case, the ALJ did not err in giving the opinion of Dr. Debusk "little weight." (Tr. 412.) While Plaintiff contends that Dr. Debusk's opinion was adequately supported and no other source disagreed with his opinion, the ALJ discounted Dr. Debusk's opinion because it was not supported by sufficient clinical findings and was contradicted by substantial medical evidence, consistent with cases like *Sullenger*, 255 F. App'x at 994. The ALJ discussed how Dr. Debusk's opinion regarding Plaintiff's extreme limitations was "not supported by his own examinations which have been primarily unremarkable other than intermittent findings for acute conditions which resolved with initial treatment." (Tr. 412.) The ALJ further discussed how "[r]epeated examinations revealed no sensory loss or muscle weakness" and that "[b]y Dr. Debusk's own statements, the claimant has a good range of motion without pain." (Tr. 412.) Additionally, the ALJ found that "neuropathy has not been established by diagnostic testing." (Tr. 412.) As more thoroughly discussed in Magistrate Judge Shirley's report and recommendation, there is substantial evidence to support the ALJ's conclusion that Dr. Debusk's opinion lacked of supportability and consistency despite his treating relationship with Plaintiff. (Tr. 185, 191, 246-48, 262-66, 286, 324, 326, 330, 332, 340, 443, 447, 449, 451, 453, 455, 457, 460.)

Plaintiff also argues that the ALJ erred in discounting the opinion of Dr. Debusk without a contrary opinion from a source with access to pertinent evidence. In making this argument, Plaintiff relies on *Fisk v. Astrue*, where the Sixth Circuit found error when an ALJ relied on an agency physician's opinion in rejecting the opinion of a treating source. 253 F. App'x 580, 586 (6th Cir. 2007). Plaintiff contends that the ALJ erred because he relied on

4

the opinion of Dr. Bounds, a state physician (Tr. 238-44), who did not have an opportunity to review the notes and opinions later submitted by Dr. Debusk and, thus, did not base his opinion on a complete record of the case. (Tr. 260-70, 322-48, 443-74.)

In *Fisk*, the Sixth Circuit recognized that "the ALJ's decision to give greater weight to [the state physician's] opinion was not, in and of itself error." *Fisk*, 253 F. App'x at 585. Rather, the *Fisk* court focused on the fact that the treating source referred the claimant to "numerous sources and made recommendations for a year's worth of specialists' opinions" and required "some indication that the ALJ at least considered these facts before giving greater weight to an opinion that is not 'based on a review of a complete case record.'" *Id.* Before giving greater weight to the opinion of Dr. Bounds, the ALJ provided the necessary indication that he considered Plaintiff's entire medical record, including the medical records from Dr. Debusk currently at issue. For instance, the ALJ stated that the residual functional capacity determination was made only "[a]fter careful consideration of the entire record." (Tr. 408.) In determining the weight of Dr. Bounds' opinion, the ALJ also noted that "MRI of the lumbar spine was entirely normal." (Tr. 412.) Notably, the record of the MRI is within Dr. Debusk's subsequent treatment notes, providing further indication that the ALJ considered those medical records in determining the weight afforded to Dr. Bounds' opinion. (Tr. 262, 286, 344, 412.) Furthermore, the ALJ expressly mentioned Plaintiff's treatment history and the lack of supportive clinical findings in the discussion regarding Dr. Bounds' opinion. (Tr. 412.) Thus, the ALJ provided sufficient indications that he considered the subsequent medical record, consistent with the Sixth Circuit's holding in *Fisk*.

5

Plaintiff's final objection is that the ALJ's reasons were inaccurate and insufficient to satisfy the procedural safeguard articulated in *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In *Wilson,* the Sixth Circuit held that an ALJ's determination "must contain specific reasons for the weight given to the treating source's medical opinion." *Id.* at 544. Thus, it was error when an ALJ summarily dismissed a treating physician's opinion. *Id.* at 545 ("The ALJ stated in his ruling that he had 'considered' [the treating physician's] opinion, but concluded that while 'this opinion may be an accurate assessment of [claimant's] current limitations, the undersigned must assess the claimant's limitations on March 31, 1995, the date he was last insured for benefits.'")

Though Plaintiff correctly cites the procedural requirement established in *Wilson*, the Court finds this argument unpersuasive in the context of the present case. Unlike in *Wilson*, the ALJ in the present case specifically stated that "the undersigned affords little weight to the opinion of Dr. Debusk as it is not supported by clinical findings and is not consistent with the overall evidence of record." (Tr. 412.) Additionally, the ALJ cited to the following in regarding his determinations of supportability and consistency in light of Dr. Debusk's treating relationship with Plaintiff: (1) Dr. Debusk's own examinations have been primarily unremarkable other than intermittent findings for acute conditions which resolved with initial treatment; (2) repeated examinations revealed no sensory loss or muscle weakness; (3) by Dr. Debusk's own statements, the claimant has good range of motion without pain; and (4) neuropathy has not been established by diagnostic testing. (Tr. 412.) These findings are supported by substantial evidence. (Tr. 185, 191, 246-48, 262-66, 286, 324, 326, 330, 332,

340, 443, 447, 449, 451, 453, 455, 457, 460.) In light of the specific reasons given by the ALJ, which are supported by substantial evidence, the Court finds that the ALJ satisfied the procedural requirement articulated in *Wilson*. Accordingly, Plaintiff's objection will be overruled.

Finding no error in the report and recommendation, the Court will overrule Plaintiff's objections; accept the report and recommendation in whole; deny Plaintiff's motion for summary judgment; grant Defendant's motion for summary judgment; affirm the Defendant Commissioner's decision in this case denying Plaintiff's application for disability, disability insurance benefits, and supplemental security income; and dismiss this case.

An order reflecting this opinion will be entered.

                                                s/ Thomas A. Varlan
                                                UNITED STATES DISTRICT JUDGE